In the Matter of CLOVE DEVELOPMENT CORPORATION, Appellant, v THOMAS FREY et al., as Assessors of the Town of Highland, Respondents. (And a Related Proceeding.)

Third Department, December 8, 1983

### APPEARANCES OF COUNSEL

*Lexow & Jenkins, P. C.* (*Ira M. Emanuel* of counsel), for appellant.

*Edward M. Cooke* for respondents.

### OPINION OF THE COURT

MIKOLL, J.

Petitioner, a domestic corporation, is the owner of approximately 4,142 acres of land located in the Town of Highland, Sullivan County. Petitioner submitted an application for a certificate of approval in January of 1981 to the Department of Environmental Conservation (DEC) pursuant to section 480-a of the Real Property Tax Law. DEC approved petitioner's forest management plan and issued the certificate. The certificate, together with a commitment of forest land, dated April 27, 1981, was recorded in the Sullivan County Clerk's office on April 28, 1981. Petitioner then filed an application for partial tax exemption with respondents pursuant to section 480-a (subd 3, par [a]) of the Real Property Tax Law. The Town of Highland's

assessor denied the application having determined that the land was not partially tax exempt.

Petitioner reapplied with DEC for a new certificate of approval and amended its forest management plan. This was approved by DEC and it was filed with a commitment on February 4, 1982. A second application for exemption was filed with the Town of Highland's assessor which also was denied. A grievance was filed with the Town of Highland's Board of Assessment Review which was subsequently denied. Petitioner filed petitions pursuant to article 7 of the Real Property Tax Law challenging both of respondents' denials. These petitions were consolidated. Petitioner then moved for summary judgment which was denied by Special Term. This appeal ensued.

At issue in this proceeding is whether the assessor for the Town of Highland has the power to re-evaluate the eligibility of a tract of land once determined to be eligible for exemption by the DEC pursuant to section 480-a of the Real Property Tax Law. It is conceded that petitioner did comply with the statute by securing a forestry tax exemption from DEC, by filing a commitment to continue forest crop production for the next 10 years with the county clerk and by filing an application for exemption with the Town of Highland's assessor.

Section 480-a (subd 3, par [a]) of the Real Property Tax Law reads as follows: "To qualify for a forest land exemption the owner of a certified eligible tract shall (i) commit such tract to continued forest crop production for the next succeeding ten years under the plan for management specified by the department. Such commitment shall be made annually for the next succeeding ten years and filed with the clerk of the county or counties wherein the certified tract is situated in such a manner and in such form as may be prescribed by the department; and (ii) file an initial application for exemption with the appropriate assessor on forms prescribed by the state board. Such application must show that the eligible tract has been committed pursuant to (i) above. If the assessor is satisfied that the requirements of this section are met he shall approve the application and such eligible tract shall be exempt from taxation as herein provided to be effective as of the first taxable

status date occurring subsequent to such approval, and shall continue to be so exempt thereafter upon receipt by the assessor of a certified copy of the annual commitment filed in accordance with (i) above and so long as the certification of the eligible tract shall not be revoked by the department."

A reading of the statute supports petitioner's contention that the assessor's function in the scheme of things is merely ministerial. It is explicitly stated in the statute that DEC grants and revokes the certificate of approval. The relevant rules and regulations promulgated pursuant to subdivision 2 of section 480-a governing procedures and criteria for preparing plans and certification, do not refer to any role of the assessor in the certification scheme. Nor do the rules promulgated pursuant to the subdivision mention the assessor's powers to re-evaluate the DEC's determination (see 6 NYCRR 199.5).

Subdivision 8 of section 480-a deals with revocation procedures of DEC certificates and there, too, we find no mention of any role reserved to assessors in the revocation process. The regulations passed pursuant to subdivision 8 also fail to refer to any assessor function (see 6 NYCRR 199.7). We conclude, therefore, that the statute precisely established procedures for certification and decertification and that this specificity forecloses any inference that the assessor has power to pass on tract eligibility. Respondents' actions are in violation of section 480-a of the Real Property Tax Law.

Since the evidence in the record establishes that the procedural requirements of section 480-a of the Real Property Tax Law were complied with, and no issues of fact relevant to summary judgment were otherwise properly raised by respondent, petitioner is entitled to summary judgment.

The order should be reversed, on the law, with costs, motion for summary judgment granted, and respondents are directed to reassess petitioner's property in accordance with the opinion herein.

KANE, J. (dissenting). I am unable to accept the view that the function of the assessor in the scheme of things under section 480-a of the Real Property Tax Law is purely

ministerial. The majority's conclusion in this regard does violence to the age-old concept of the duty of the assessor as well as the legislative mandate that the responsibility of the assessor is to assess or evaluate real property for the purpose of taxation and to determine exemptions (Real Property Tax Law, § 102, subds 2, 3; *Matter of Association of Bar of City of N. Y. v Lewisohn,* 34 NY2d 143, 156-157).

Of course it is the Legislature, not the assessor, that has the authority to create exemptions from taxation (*Matter of Dudley v Kerwick,* 52 NY2d 542), but the ultimate and actual grant of a particular exemption is in the judgment of the assessor. Review of that judgment is provided in most instances, exclusively, by a proceeding under article 7 of the Real Property Tax Law (*Matter of Dudley v Kerwick, supra*). The exercise of the assessor's judgment is contemplated in matters, such as the case at hand, where the very language of the statute provides "[i]f the assessor is satisfied that *the requirements of this section* are met he shall approve the application" (Real Property Tax Law, § 480-a, subd 3, par [a]; emphasis added). One of those requirements is that the land in question be devoted "exclusively" to forest crop production. Again, this presents a factual issue which is crucial to the grant of an exemption and one that cannot be made unilaterally by a third party without notice to the assessor and without an opportunity for him to be heard on a question directly affecting the performance of his duties. Determining similar requirements or qualifications for exemptions have, historically, been the province of the assessor. It is the assessor who must apply the policy of this State, which dictates that tax exemption statutes should be construed strictly against the taxpayer seeking the benefit of the exemption (*Matter of Honeoye Cent. School Dist. v Berle,* 72 AD2d 25, affd 51 NY2d 970) and that the burden of establishing entitlement to the exemption rests upon the one asserting it (*Matter of Genesee Hosp. v Wagner,* 47 AD2d 37, affd 39 NY2d 863).

These are factual issues to be resolved in accordance with the procedural course chartered by these litigants, and Special Term was correct in its denial of summary relief and should be affirmed.

SWEENEY, J. P., MAIN and LEVINE, JJ., concur with MIK-OLL, J.; KANE, J., dissents and votes to affirm in a separate opinion.

Order reversed, on the law, with costs, motion for summary judgment granted, and respondents are directed to reassess petitioner's property in accordance with the opinion herein.